DA 10-0041

IN THE SUPREME COURT OF THE STATE OF MONTANA

2010 MT 219N

STATE OF MONTANA,

       Plaintiff and Appellee,

v.

TIMOTHY G. WALTER,

       Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC 09-568
Honorable John W. Larson, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

              David C. Avery, Attorney at Law, Missoula, Montana

       For Appellee:

              Steve Bullock, Montana Attorney General; Matthew T. Cochenour, Assistant
Attorney General, Helena, Montana

              Fred Van Valkenburg, Missoula County Attorney; Suzy Boylan, Deputy
County Attorney, Missoula, Montana

              Submitted on Briefs:  September 15, 2010

                        Decided:  October 20, 2010

Filed:

_____
Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2006, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Appellant Timothy G. Walter (Walter) appeals following his conviction for driving while his license was suspended. We affirm.

¶3     A highway patrol officer stopped Walter in Missoula County in June 2009 for a turn signal violation. The officer learned from dispatch that Walter's license had been suspended. The officer arrested Walter for driving while suspended.

¶4     A justice court jury convicted Walter of driving while suspended. Walter appealed to the District Court and received a second jury trial. The State introduced at this second trial an order of suspension from the Montana Department of Motor Vehicles that shows that Walter's driver's license had been suspended on January 12, 2009. The State referred to this order as a "self-authenticating certified copy or portion of the copy of Mr. Walter's driving record." The State used this certified copy to establish that Walter's license had been suspended at the time that he was pulled over in June 2009. Walter objected to this admission of his driving record, but failed to state any rationale for the objection.

¶5 The State also introduced other documents showing that the State had sent previous notices to Walter informing him that he owed money for fines and that his driver's license would be suspended if he failed to pay the fines. The jury convicted Walter. Walter appeals.

¶6 Walter argues on appeal that the District Court violated his right to confront witnesses by admitting the order of suspension without requiring the State to introduce the documents through a supporting witness. The State claims that Walter waived his confrontation challenge by failing to raise the objection in the District Court. The State points out that Walter simply objected without stating any rationale. The State further contends that the suspension letter did not constitute a testimonial statement that would trigger Walter's confrontation right. Walter urges the Court to exercise plain error review if his objection at trial proved insufficient to preserve his confrontation objection.

¶7 We agree with the State that Walter failed to preserve his confrontation challenge through his general objection at trial. This Court exercises plain error review only if "failing to review the claimed error at issue may result in a manifest miscarriage of justice, may leave unsettled the question of the fundamental fairness of the trial or proceedings, or may compromise the integrity of the judicial process." *State v. Davis*, 2003 MT 341, ¶ 19, 318 Mont. 459, 81 P.3d 484.

¶8 We deem it appropriate to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2006, that provide for memorandum opinions. It is manifest on the face of the briefs and record before us that our refusal to engage in plain error review would not result in a manifest miscarriage of justice, would not

3

leave unsettled the question of the fundamental fairness of Walter's trial, or compromise the integrity of the judicial process.

¶9     We affirm.

/S/ BRIAN MORRIS

We Concur:

/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ MICHAEL E WHEAT
/S/ JIM RICE